FILED
CLERK, U.S. DISTRICT COURT

JUL 2 6 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2019 Grand Jury

| UNITED STATES OF AMERICA, | 19 CR 00427-CAS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Attempted Distribution of Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession With Intent to Distribute Methamphetamine; 18 U.S.C. § 2(a): Aiding and Abetting] |
| JAMES WESLEY WILLIAMS, aka "Wesley," "Roscoe," "Rosco," "Lil Rosco," "T.I.," and "Tiny Rosco," THEODORE ARON GRIGSBY, aka "K-Capone," CIARA HILDRETH, SHEILA LYNN MILLER, MARISSA SPIRES, MEAGAN BRITTNEY WILNER, ALESHA DAWN BREWER, and JASON JAMES VEAL, aka "J-Bone," | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing until on or about August 1, 2017, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendants JAMES WESLEY WILLIAMS, also known as ("aka") "Wesley," "Roscoe," "Rosco," "Lil Rosco," "T.I.," and "Tiny Rosco," THEODORE ARON GRIGSBY, aka "K-Capone," CIARA HILDRETH, SHEILA LYNN MILLER, MARISSA SPIRES, MEAGAN BRITTNEY WILNER, ALESHA DAWN BREWER, and JASON JAMES VEAL, aka "J-Bone," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and possess with intent to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant WILLIAMS, while in custody in state prison, would use a contraband cellular telephone to arrange for defendant GRIGSBY to supply methamphetamine to defendants HILDRETH, SPIRES, MILLER, BREWER, and VEAL.

2. Defendant GRIGSBY would procure and supply methamphetamine to defendants HILDRETH, SPIRES, MILLER, BREWER, and VEAL, who would subsequently distribute the methamphetamine.

3. Defendant WILNER would distribute methamphetamine for defendant GRIGSBY.

4. Defendant HILDRETH would coordinate distribution of methamphetamine on behalf of defendant WILLIAMS to other distribution networks.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, on or about the following dates, defendants WILLIAMS, GRIGSBY, HILDRETH, MILLER, SPIRES, WILNER, BREWER, and VEAL, Distributor 1, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles and San Bernardino Counties, within the Central District of California, the states of Tennessee and New Mexico, and elsewhere, including, but not limited to, the following:

Planned Distribution of One Pound of Methamphetamine to Oklahoma

1. On May 24, 2017, using coded language in a telephone conversation, defendant BREWER told defendant WILLIAMS that she did not have any methamphetamine to distribute, and asked when defendant WILLIAMS would be able to give her methamphetamine via defendant GRIGSBY.

2. On May 25, 2017, using coded language in a telephone conversation, defendant WILLIAMS offered to sell one pound of methamphetamine to defendants VEAL and BREWER, which would be further distributed.

3. On May 27, 2017, defendant WILLIAMS assured defendant VEAL that defendant GRIGSBY would mail methamphetamine to defendant VEAL within a week.

4. On May 28, 2017, defendants VEAL and BREWER sent, via text message, an Oklahoma address to defendant WILLIAMS, as the location to where defendant WILLIAMS should arrange to send methamphetamine.

5. On May 30, 2017, using coded language in text messages, defendant WILLIAMS instructed defendant GRIGSBY to mail one pound of methamphetamine to the Oklahoma address provided by defendants VEAL and BREWER.

6. On May 31, 2017, using coded language in a text message, defendant WILLIAMS instructed defendant GRIGSBY not to send methamphetamine to defendant VEAL because defendant VEAL had been arrested the night before, but that defendant WILLIAMS may have another recipient for the methamphetamine.

Distribution of a Half-Pound of Methamphetamine

7. On May 31, 2017, using coded language in a telephone conversation, defendant HILDRETH agreed to help defendant WILLIAMS supply methamphetamine from California to other states.

8. On June 1, 2017, using coded language in a text message, defendant GRIGSBY told defendant WILLIAMS about a source for methamphetamine.

9. On June 1, 2017, using coded language in a telephone conversation, defendant WILLIAMS confirmed with defendant GRIGSBY that Distributor 1 would accompany defendant HILDRETH to California to pick up methamphetamine for subsequent distribution.

10. On June 1, 2017, using coded language in a telephone conversation, defendant GRIGSBY suggested how much methamphetamine defendant WILLIAMS should have Distributor 1 transport in order to make a profit.

11. On June 1, 2017, using coded language in a text message, defendant WILLIAMS confirmed with defendant GRIGSBY that Distributor 1, would pick up a half-pound of methamphetamine, and that another half-pound would be supplied to another person.

12. On June 1, 2017, using coded language in a text message, defendant WILLIAMS arranged with defendant GRIGSBY for defendant HILDRETH to pick up a half-pound of methamphetamine from defendant GRIGSBY the following day.

13. On June 2, 2017, defendant GRIGSBY sent, by text message, to defendant WILLIAMS, a picture of drugs on a scale, indicating a weight of approximately one pound (452 grams).

14. On June 3, 2017, using coded language in a text message, defendant WILLIAMS told defendant GRIGSBY that defendant HILDRETH would pick up a half-pound of methamphetamine that evening.

15. On June 3, 2017, using coded language in a telephone conversation, defendant HILDRETH told defendant WILLIAMS that defendant HILDRETH and Distributor 1 were on their way to pick up methamphetamine.

16. On June 3, 2017, using coded language in a telephone conversation, defendant WILLIAMS told defendant GRIGSBY that defendant HILDRETH and Distributor 1 were on their way to pick up methamphetamine.

17. On June 3, 2017, using coded language in a telephone conversation, defendant GRIGSBY informed defendant WILLIAMS that the methamphetamine that defendant HILDRETH was to pick up was packaged in a neck pillow.

18. On June 3, 2017, using coded language in a telephone conversation, defendant WILLIAMS directed defendant HILDRETH to a

location in Los Angeles, where defendant HILDRETH and Distributor 1 were to pick up methamphetamine in a neck pillow.

19. On June 3, 2017, defendants HILDRETH and Distributor 1 retrieved a neck pillow containing methamphetamine.

20. On June 5, 2017, Distributor 1 possessed approximately 206.8 grams of methamphetamine in a neck pillow.

21. On June 6, 2017, defendant GRIGSBY sent, by text message, to defendant WILLIAMS, a picture of a neck pillow, and using coded language, confirmed that methamphetamine possessed by Distributor 1 was in that type of pillow.

Attempted Distribution of Two Pounds of Methamphetamine to Tennessee

22. On June 3, 2017, using coded language in a text message, defendant WILLIAMS told defendant GRIGSBY that he would provide two addresses where drugs should be sent.

23. On June 3, 2017, defendant WILLIAMS received, by text messages, addresses in Nashville and Knoxville, Tennessee.

24. On June 5, 2017, defendant WILNER mailed a package from a United States Post Office in Los Angeles, California, containing approximately 433 grams of methamphetamine, packaged in a teddy bear, to an address in Knoxville, Tennessee (the "Knoxville Package").

25. On June 5, 2017, defendant WILNER mailed a package from a United States Post Office in Los Angeles, California, containing approximately 221 grams of methamphetamine, packaged in a toy puppy, to an address in Nashville, Tennessee (the "Nashville Package").

26. On June 5, 2017, defendant GRIGSBY sent, by text message, to defendant WILLIAMS, photographs of tracking receipts for the Knoxville Package and the Nashville Package.

6

<u>Intended Distribution of Methamphetamine to Oklahoma</u>

27. On July 1, 2017, using coded language in a telephone conversation, defendant BREWER informed defendant WILLIAMS that she needed a supply of drugs for distribution.

28. On July 1, 2017, defendant BREWER sent, by text message, an Oklahoma address to defendant WILLIAMS.

29. On July 3, 2017, using coded language in text messages, defendant WILLIAMS sought assurances from defendant BREWER that defendant BREWER would pay defendant WILLIAMS his share for the drugs and not use all proceeds of drug sales to post bail for defendant VEAL.

30. On July 4, 2017, using coded language in a telephone conversation, defendant WILLIAMS asked defendant GRIGSBY whether defendant GRIGSBY could send a half-pound of methamphetamine to defendant BREWER.

<u>Distribution of Approximately Three Pounds of Methamphetamine</u>

31. On July 5, 2017, using coded language in a telephone conversation, defendant WILLIAMS instructed defendant GRIGSBY to prepare methamphetamine for defendants SPIRES and MILLER for subsequent distribution.

32. On July 9, 2017, using coded language in a text message, defendant WILLIAMS asked defendant GRIGSBY whether defendants SPIRES and MILLER could pick up methamphetamine that night.

33. On July 9, 2017, using coded language in a text message, defendant GRIGSBY confirmed with defendant WILLIAMS that defendant GRIGSBY had finished packaging methamphetamine for defendants SPIRES and MILLER to obtain.

34. On July 9, 2017, using coded language in a telephone conversation, defendant GRIGSBY informed defendant WILLIAMS that defendant GRIGSBY had packaged, in two pillows, three packages of methamphetamine for defendants SPIRES and MILLER.

35. On July 10, 2017, using coded language in a telephone conversation, defendants WILLIAMS and GRIGSBY directed defendant MILLER where to pick up the methamphetamine.

36. On July 10, 2017, defendant MILLER instructed defendant SPIRES to obtain the bag in which the methamphetamine was located.

37. On July 10, 2017, defendants MILLER and SPIRES possessed approximately 1,277 grams of methamphetamine, which was concealed in two pillows.

## COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS WILLIAMS, GRIGSBY, AND HILDRETH]

On or about June 3, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants JAMES WESLEY WILLIAMS, aka "Wesley," "Roscoe," "Rosco," "Lil Rosco," "T.I.," "Tiny Rosco," THEODORE ARON GRIGSBY, aka "K-Capone," and CIARA HILDRETH, and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute at least fifty grams, that is, approximately 206.8 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS WILLIAMS, GRIGSBY, AND WILNER]

On or about June 5, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants JAMES WESLEY WILLIAMS, aka "Wesley," "Roscoe," "Rosco," "Lil Rosco," "T.I.," "Tiny Rosco," THEODORE ARON GRIGSBY, aka "K-Capone," and MEAGAN BRITTNEY WILNER, and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and intentionally attempted to distribute at least fifty grams, that is, approximately 433 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS WILLIAMS, GRIGSBY, AND WILNER]

On or about June 5, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants JAMES WESLEY WILLIAMS, aka "Wesley," "Roscoe," "Rosco," "Lil Rosco," "T.I.," "Tiny Rosco," THEODORE ARON GRIGSBY, aka "K-Capone, and MEAGAN BRITTNEY WILNER, and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and intentionally attempted to distribute at least fifty grams, that is, approximately 221 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS WILLIAMS, GRIGSBY, WILNER, MILLER, AND SPIRES]

On or about July 10, 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants JAMES WESLEY WILLIAMS, aka "Wesley," "Roscoe," "Rosco," "Lil Rosco," "T.I.," "Tiny Rosco," THEODORE ARON GRIGSBY, aka "K-Capone," MEAGAN BRITTNEY WILNER, SHEILA LYNN MILLER, and MARISSA SPIRES, and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly and intentionally possessed with intent to distribute at least fifty grams, that is, approximately 1,277 grams, of methamphetamine, a Schedule II controlled substance.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SHAWN NELSON
Assistant United States Attorney
Acting Chief, International
  Narcotics, Money Laundering,
  and Racketeering Section

PUNEET V. KAKKAR
Assistant United States Attorney
Deputy Chief, International
  Narcotics, Money Laundering,
  and Racketeering Section